# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Case Number: _24-3263_____

Case Name: _John Koe v. University Hospitals Health Systems, Inc., et al._____

Name: _John Koe, a pseudonym (l/k/a/ Nicholas Krudy) ("Krudy")_____

Address: _PO Box 527_____

City: __Novelty_____ State: _OH_ Zip Code: _44072-0527_

Email: _john@johnkoe.org_

## PRO SE APPELLANT'S BRIEF

## ORAL ARGUMENT REQUESTED

1. Did the District Court incorrectly decide the facts? **Yes.**

The district court misapprehended Krudy's action filed initially under
the pseudonym John Koe on January 4, 2024 to be an attempt to circumvent
the prior decision of the court in *Koe v. University Hospitals Health System, Inc, et
al.*, 1:22-cv-01455 and the then pending appeal of those decisions in Case No.
22-3592. (Dismissal Order, RE 6, PageID 31-32). Instead, as disclosed before
the district court, Krudy timely filed his complaint on January 4, 2024 to
preserve his right to bring claims covered by the Notice of Rights to Sue he
received from the EEOC on October 6, 2023. See e.g. (Complaint, RE 1,
PageID 5), (Ex Parte Motion, RE 2, PageID 17), (Opposition to Motion for

Reassignment, RE 5, PageID 27-28). Krudy timely filed his action on January 4, 2024 using the pseudonym John Koe in an effort to preserve the status quo and to avoid mooting the issue of leave to proceed under a pseudonym during the pendency of the appeal in No. 22-3592. (Ex-Parte Motion for Temporary Order, RE 2, PageID 17). Krudy expressly noted that he was filing after Defendants' counsel effectively refused the tolling agreement proposed he had proposed to avoid the need to file the instant case before resolution of the pending appeal in *John Koe v. University Hospitals Health Systems, Inc.*, et al, No. 22-3952, (6th Cir.).(Ex-Parte Motion for Temporary Order, RE 2, PageID 17). Krudy proactively brought the prior related case to the attention of the district court at the time of filing by responding to the questions included on the Civil Cover Sheet. (Civil Cover Sheet, RE 1-1, PageID 13).

The district court erred in apprehending the prior case to be dismissed subsequent to a refusal to comply with a court order to file an amended complaint sans pseudonym. (Dismissal Order, RE6, PageID 31). In reality, the prior sua sponte dismissal of the action was entered without prior notice and pursuant to 28 U.S.C. § 1915(e) based on the erroneous view that denial of leave to proceed under a pseudonym created a jurisdictional defect. See *Koe v. University Hospitals Health System, Inc.*, et al. 1:22-cv-01455, specifically Dismissal Order, ECF 7, PageID 100-101 & Judgment, ECF 8, PageID 102.

-2-

Cf. *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at \*5 (6th Cir. Mar. 8, 2024). Here, the district court in this matter misapprehended the nature of the prior proceedings and basis for dismissal.

The district court erred in concluding that it lacked jurisdiction to rule on the post-judgment motion because of the pending appeal. (Denial Order, RE 15, PageID 74). Rather, because the post-judgment motion, (Motion for Relief, RE 8, PageID 34-38) was filed within 28-days of the judgment entry, the district court retained jurisdiction. A timely motion under Rule 59 tolls the time for appeal until the court rules on the motion. Fed.R.App.P. 4(a)(4). Indeed, the Sixth Circuit held the appeal in abeyance until the district court ruled on the post-judgment motion in recognition of this principle. (Appeal Remark, RE 10, PageID 41).

2. Do you think the District Court applied the wrong law? **Yes.**

   If so, what law do you want applied?

---

The district court, in sua sponte dismissing the action without prior notice, relied on *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) reasoning that the "threshold issue of proceeding under a pseudonym is no longer open for discussion" and that  Krudy was barred by res judicata from "filing the

same case and litigating the same issues a second time." (Dismissal Order, RE6, PageID 32). Here, the district court misapplied *Apple* by ignoring that decision's caution that: (1) "most [paid]complaints will not be so clearly insufficient as to warrant dismissal" for lack of subject-matter jurisdiction; (2) such a dismissal "is appropriate in only the rarest of circumstances where, as in the present case, the complaint is deemed totally implausible"; and (3) otherwise, "a district court must afford the plaintiff the procedural protections of *Tingler* before dismissing the complaint." *Id.* (citing *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir. 1983)). Given that the complaint filed on January 4, 2024 was not totally implausible, the district court should have afforded Krudy the procedural protections outlined in *Tingler*.

The district court erred in dismissing the action based on its conclusion that it was barred by res judicata. (Dismissal Order, RE 7, Page ID 31-32). However, there was no preclusive prior decision barring the action because a dismissal under 28 U.S.C. § 1915(e) does *not* constitute a final decision on the merits where, as in this case, the plaintiff pays the court's filing fee when bringing a subsequent suit. See e.g. *Stephens v. Hayes,* 374 F. App'x 620, 622 (6th Cir. 2010) ("[initial dismissal] under § 1915(e)(2) was not a dismissal on the merits; consequently, it arguably lacks res judicata effect except as to frivolousness determinations for future *informa pauperis* petitions."); *Davis v.*

*Butler Cnty.,* 658 F. App'x 208, 6 (6th Cir. 2016)(doubting the soundness of the district court's conclusion a second, paid complaint was barred by res judicata because "dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed *in for ma pauperis"*).  There is no preclusive bar where the prior case was dismissed other ther than on the merits, e.g. under § 1915(e), due to an erroneous conclusion regarding lack of jurisdiction, or due to a caption or pleading defect. The district court, in its consideration of post-judgment motion, (Denial Order, RE 15, PageID 71-74), applied Rule 60 only rather than considering the motion under Rule 59. Because the motion was filed on March 22, 2024 within the 28 days after the February 23, 2024 dismissal and separate judgment entry, (Dismissal Order, RE 6, PageID 31-32); (Judgment, RE 7, Page ID 33), the district court should have additionally or alternatively considered the motion under Rule 59 and in conjunction with Rule 15. "The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (quoting *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986))" *Howard v. U.S.A*, 533 F.3d 472, 475 (6th Cir. 2008).  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading should be "freely given when justice so requires." *Id.* The purpose of Rule 15(a) is "to reinforce the principle that cases

`should be tried on their merits rather than the technicalities of pleadings.'"
*Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The issue of leave to proceed under a pseudonym was moot once Krudy moved to amend the case to reflect his legal name in addition to his prior use of the pseudonym. (Motion to Amend Caption, RE 13, PageID 59). Through that motion, Krudy plainly took action to cure any caption or pleading defect associated with his use of a pseudonym. Whether under Rule 59 or Rule 60, the district court should have reopened the case and given Krudy leave under Rule 15 to file an amended complaint in his legal name because justice so requires and so that his claims may be adjudicated on the merits.

3. Do you feel that there are any other reasons why the district court's judgment was wrong? **Yes.**

---

In this case, the district court, on its own motion, initially raised preclusion defenses to dismiss the action without affording the parties prior notice or an opportunity to weigh in. (Dismissal Order, RE 6, PageID 31-32); (Judgment, RE 7, Page ID 33). When a district court takes sua sponte action that is tantamount to advocacy, it "erod[es) the principle of party presentation

-6-

so basic to our system of adjudication," *Arizona v. California*, 530 U.S. 392,412-13 (2000). "The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan*, 714 F.2d 171,177 (D.C. Cir. 1983) (Scalia, J.) "The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *United States v. Burke*, 504 U.S. 229,246 (1992) (Scalia, J., concurring). "[A] federal court does not have carte blanche to depart from the principle of party presentation basic to our adversary system." *Wood v. Milyard*, 566 U.S. 463, 472 (2012), "Where no judicial resources have been spent on the resolution of a question, trial courts must be eroding the principle of party presentation so basic to our system of adjudication." *Arizona v. California*, 530 U.S. 392,412-13 (2000). The district court's deviation from this fundamental principle was wrong, did not serve justice, and undermined the appearance of justice.

The district court's December 17, 2024 decision refusing to (1) set aside its February 23, 2024 sua sponte dismissal of the action; (2) re-open the case; (3) reinstate the complaint or alternatively give Krudy leave to file an amended complaint in his legal name; and (4) extend time for service of process only

serves to prevent Krudy's administratively exhausted and timely filed claims from being tried on their merits because of what is at worst a curable procedural (e.g. caption or pleading) defect that posed no prejudice to Defendants. This is contrary to the purpose of the Fed. R. Civ. P. and the justice-related principle reflected in Rule 15, that cases should be tried on their merits rather than the technicalities of pleadings. Even if some preclusive effect did attach to the prior decision denying leave to proceed under a pseudonym, that effect would, at most, preclude prelitigation of that single issue, not Krudy's potentially meritorious employment discrimination claims including his state law claims brought under R. C. 4112.02. In any case, the issue of leave to proceed under a pseudonym was moot once Krudy moved to amend the case to reflect his legal name in addition to his prior use of the pseudonym. (Motion to Amend Caption, RE 13, PageID 59). However, given the very short 90-day window to file after receipt of the Notice of Rights to Sue from the EEOC, the district court's dismissal decision operated in effect with prejudice by leaving Krudy time to file a new action in his legal name. Accordingly, justice requires setting aside the district court's erroneous, sua sponte dismissal of the action and giving Krudy leave to file an amended complaint that may relate back under Rule 15 to the initial complaint timely filed on January 4, 2024 so that his potentially meritorious federal

discrimination claims against Defendants University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center covered by the October 6, 2023 Notice of Rights to Sue may be adjudicated on the merits.

4.  What specific issues do you wish to raise on appeal?

Did the district court err in sua sponte dismissing the action?

Did the district court err in refusing to (1) set aside its February 23, 2024 sua sponte dismissal of the action; (2) re-open the case; (3) reinstate the complaint or permit the filing of an amended complaint when justice so requires?

5.  What action do you want the Court of Appeals to take in this case?

Reverse the district court and remand the case for further proceedings and directions to the district court to (1) re-open the case; (2) permit Krudy to file an amended complaint in his legal name.

I certify that a copy of this brief was filed with the Court and sent to

opposing counsel via electronic mail on the 20th day of March, 2025.


Signature

_John Koe (l/k/a Nicholas Krudy)_ signature

John Koe (l/k/a Nicholas Krudy)

Plaintiff-Appellant, for himself