Case No. 24-3263

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOHN KOE,
Plaintiff-Appellant,
v.

UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al.
Defendants-Appellees.

On Appeal From The United States District Court for the Northern District of Ohio
Case No. 1:24-cv-00024, Judge David A. Ruiz

**APPELLEES' BRIEF**

*/s/David A. Campbell*
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani, LLP
600 Superior Ave., East
Suite 1300
Cleveland, OH 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
Email: dcampbell@grsm.com
dslezak@grsm.com

*Attorneys for Appellees*

1

## <u>DISCLOSURE OF CORPORATE</u>
## <u>AFFILIATIONS AND FINANCIAL INTEREST</u>

Pursuant to 6 Cir. R. 26.1, Appellees University Hospitals Health System, Inc. ("UHHS") and University Hospitals Cleveland Medical Center ("UHCMC") make the following disclosures:

1.  Is said party a subsidiary or affiliate of a publicly owned corporation that owns 10% or more of its stock?

   No.

   If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

   N/A.

2.  Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

   No.

   If the answer is YES, list below the identity of such corporation and the nature of the financial interest:

   N/A.

# **TABLE OF CONTENTS**

**Page**

STATEMENT IN SUPPORT OF ORAL ARGUMENT ........................................9

I.      STATEMENT OF JURISDICTION.....................................................9

II.     STATEMENT OF ISSUES.................................................................10

III.    STATEMENT OF THE CASE ..........................................................11

      A.      The Sixth Circuit Addressed The Issue In This Appeal In Appellant's First Lawsuit And Affirmed That Appellant Could Not Proceed Anonymously. ...........................................13

      B.      Appellant Filed The Second Lawsuit, Which Raises The Same Facts  And Issues As The First Lawsuit. ........................15

      C.      The Order And December Order. ..............................................16

      D.      Appellant's Brief.......................................................................18

IV.     SUMMARY OF THE ARGUMENT...................................................20

V.      ARGUMENT .....................................................................................22

      A.      Standard Of Review...................................................................22

      B.      Appellant's Complaint Is Barred By *Res Judicata*...................22

      C.      The Second Complaint Was Dismissed On The Merits. ..........26

      D.      Even If Not Barred By *Res Judicata*, The Second Complaint Should Be Dismissed Because The Complaint Fails. ..........................................................................................28

            1.      The Sixth Circuit's Commencement Standard..............28

            2.      Appellant Has Failed To Timely Commence This Lawsuit. ........................................................................31

3.    The Complaint Should Also Be Dismissed Because Appellant Cannot Meet The Anonymous Standard. ........................................................................33

E.    Appellant Failed To Address The Rule 60 Requirements And, Instead, Sought To Relitigate The Dismissal...................34

VI.    CONCLUSION ....................................................................................38

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Abdur'Rahman*,
  392 F.3d 174 (6th Cir. 2004) (en banc), judgment vacated in *Bell v.*
  *Abdur'Rahman*, 545 U.S. 1151, 125 S. Ct. 2991, 162 L. Ed. 2d 909
  (2005) .................................................................................................36

*Amini v. Oberlin Coll.*,
  259 F.3d 493 (6th Cir. 2001) ..............................................................32

*Apple v. Glenn*,
  183 F.3d 477 (6th Cir. 1999) ...................................................*passim*

*Argo Wealth Management, Inc. v. Brenner, et al.*,
  No. 23-3585, 2024 WL 5321250 (6th Cir. Aug. 6, 2024)............................27, 28

*Autumn Wind Lending, LLC v. Estate of John J. Siegel*,
  92 F.4th 630 (2024) ............................................................................37

*Barth v. Kaye*,
  178 F.R.D. 371 (N.D.N.Y. 1998) .......................................................31

*Benford v. Frank*,
  943 F.2d 692 (6th Cir. 1991) ..............................................................32

*Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*,
  249 F.3d 519 (6th Cir. 2001) ..............................................................36

*Bragg v. Flint Bd. of Educ.*,
  570 F.3d 775 (6th Cir. 2009) .............................................20, 22, 23

*Citizens for a Strong Ohio v. Marsh*,
  123 Fed. Appx. 630 (6th Cir. Jan. 3, 2005)..................................29, 30

*Demsey v. Demsey*,
  No. 1:09-cv-503, 2010 WL 2010963..........................................20, 26

*Doe v. Carson*,
  No. 19-1566, 2020 U.S. App. LEXIS 14520 (6th Cir. May 6, 2020) ...............33

*Doe v. Frank*,
   951 F.2d 320 (11th Cir. 1992) ........................................................................33

*Doe v. Husband*,
   CIVIL ACTION NO. 4:03cv166, 2004 U.S. Dist. LEXIS 28345
   (E.D.Va. Aug. 10, 2004) ..............................................................................31

*Doe v. Porter*,
   370 F.3d 558 (6th Cir. 2004) ..................................................................28, 34

*Ericksen v. United States*,
   Case No. 17-1526, 2017 U.S. App. LEXIS 22511 (6th Cir. Sept.
   12, 2017) ......................................................................................................30

*Flick v. U.S. Bureau of Prisons*,
   779 F.2d 50 (6th Cir. 1985) ..........................................................................22

*Jinks v. AlliedSignal, Inc.*,
   250 F.3d 381 (6th Cir. 2001) ........................................................................36

*John Koe v. University Hospitals Health System, Inc., et al.*,
   1:22-CV-01455 ........................................................................12, 13, 14, 24

*John Koe v. University Hospitals Health Systems, Inc., et al.*,
   No. 22-3952 ..................................................................................................15

*Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*,
   616 F.3d 612 (6th Cir. 2010) ........................................................................37

*Lockett v. Potter*,
   259 F. App'x 784 (6th Cir. 2008) ..................................................................32

*M.A.C. v. Gildner*,
   853 F. Appx. 207 (10th Cir. 2021) ................................................................31

*McFarland v. Henderson*,
   307 F.3d 402 (6th Cir. 2002) ........................................................................32

*Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*,
   886 F.2d 1240 (10th Cir. 1989) ..............................................................29, 30

*Nicholas Krudy, MC v. University Hospitals Health System, Inc.*,
   No. CV-25-112548 ..................................................................................11, 26

*Oklahoma v. Biden*,
    577 F.Supp.3d 1245 (W.D. Ok. 2021)................................................29

*Pittman v. Experian Info. Solutions, Inc.*,
    901 F.3d 619 (6th Cir. 2018) ........................................................22

*Post v. Bradshaw*,
    422 F.3d 419 (6th Cir. 2005) ........................................................35

*Qualls v. Rumsfeld*,
    228 F.R.D. 8 (D.D.C. 2005)..........................................................29

*Estate of Rodriquez v. Drummond Co., Inc*.,
    256 F.Supp. 2d 1250 (N.D. Ala. 2003)...........................................31

*S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*,
    599 F.2d 707 (5th Cir. 1979).....................................................21, 33

*University Hospitals Cleveland Medical Center v. Nicholas Dr. Krudy, United States District Court for the Northern District of Ohio*
    No. 1:25-cv-00339 .....................................................................11

*Vargo v. D & M Tours, Inc.*,
    No. 4:18CV01297, 2020 U.S. Dist. LEXIS 35367 (N.D. Ohio Mar. 2, 2020) .................................................................................36

*W.N.J. v. Yocum*,
    257 F.3d 1171 (10th Cir. 2001)................................................29, 30

*Waifersong Ltd., Inc. v. Classic Music Vending*,
    976 F.2d 290 (6th Cir. 1992) ........................................................36

*Waller v. Daimler Chrysler Corp*.,
    391 F. Supp. 2d 594 (E.D. Mich. 2005) ..........................................32

*Ward v. Tenn.*,
    899 F.2d 1223 (6th Cir. 1990) ......................................................22

*Williams v. N.W. Airlines, Inc*.,
    53 F. App'x 350 (6th Cir. 2002)................................................32, 33

**Statutes**

42 U.S.C.A. § 12117(a) ...................................................................28

28 U.S.C. § 1291 ...........................................................................9

42 U.S.C. § 2000e-5(e) ...................................................................32

42 U.S.C. § 2000e-5(e)(1) ...............................................................32

42 U.S.C. § 2000e-5(f) ....................................................................28

42 U.S.C. § 2000e-5(f)(1) ................................................................32

Ohio Rev. Code Ann. § 4112 ...........................................................28

Ohio Rev. Code Ann. § 4112.052(C)(1) .............................................28

**Rules**

6th Cir. R. 34(a) ............................................................................9

Fed. R. Civ. P. 3 ......................................................................28, 32

Fed. R. Civ. P. 7 ...........................................................................28

Fed. R. Civ. P. 10 .........................................................................28

Fed. R. Civ. P. 10(a) .................................................................15, 28

Fed. R. Civ. P. 59 .........................................................................13

Fed. R. Civ. P. 60 ..............................................................13, 35, 37

Fed. R. Civ. P. 60(b) ...............................................21, 34, 35, 36

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellees UHHS, UHCMC, Seamus McMahon ("McMahon"), David A. Campbell, III ("Campbell"), Robert J. Ronis ("Ronis"), Cathleen A. Cerny-Suelzer ("Cerny-Suelzer"), Andrew W. Hunt ("Hunt"), Susan T. Nedorost ("Nedorost"), and Kathrine Van Stratton ("Van Stratton") (collectively, "Appellees") request oral argument in this case pursuant to 6 Cir. R. 34(a).  Oral argument is appropriate in this case because the decision process would be aided significantly in light of the facts and legal arguments at issue in this appeal. Oral argument will permit Appellees' counsel to highlight material portions of the record.

## I.    STATEMENT OF JURISDICTION

This appeal (the "Appeal") is from a final judgment by the United States District Court for the Northern District of Ohio.  This Court has jurisdiction under 28 U.S.C. § 1291.  On February 23, 2024, the District Court dismissed Appellant John Koe's ("Appellant") complaint on the merits.  (*See* February 23, 2024 Order of Dismissal (the "Order"), RE 6, PageID # 31-32).  On March 22, 2024, Appellant filed a notice of appeal to the Sixth Circuit Court of Appeals regarding the Order. (*See* March 22, 2024 appeal (the "Appeal"), RE 9, PageID # 40).

Following Appellant's appeal of the Dismissal, on December 18, 2024, the District Court issued its order denying Appellant's motion for relief from judgment. (*See* December 18, 2024 Order (the "December Order"), RE 15, PageID # 71-74). Appellant thereafter filed an Amended Notice of Appeal on January 13, 2025. (RE 16, PageID # 75-76).

## II.   **STATEMENT OF ISSUES**

**1.** Whether the District Court properly dismissed Appellant's Complaint on the merits for res judicata.

**2.** Whether the District Court properly denied Appellant's motion for relief from judgment.

III.  **STATEMENT OF THE CASE**

Appellee UHCMC operates the Case Western Reserve University/University Hospitals Cleveland Medical Center Psychiatry Residency program.  Appellant is a former resident in the Residency Program.  Relevant to this matter, Appellant's UHCMC employment was terminated on April 23, 2021.

In the more than four years since Appellant was terminated, he has filed more than forty agency charges, amendments to those charges, and lawsuits against Appellants.  Every agency and tribunal to review the issue of Appellant's termination has concluded that the termination was lawful.  Despite this, Appellant continues to harass Appellants and Appellants' agents through email, phone calls, and the filing of numerous charges and lawsuits – including a lawsuit filed in the Cuyahoga County Court of Common Pleas, which Appellant admits therein is the same lawsuit at issue in this appeal. *See Nicholas Krudy, MC v. University Hospitals Health System, Inc.*, No. CV-25-112548.  Based upon Appellant's frivolous conduct, UHCMC filed a declaratory action in the Northern District of Ohio (*See University Hospitals Cleveland Medical Center v. Nicholas Dr. Krudy, United States District Court for the Northern District of Ohio No. 1:25-cv-00339*) seeking to declare Appellant a vexatious litigator, and have filed a motion for summary judgment in the Cuyahoga County action aforementioned, similarly seeking to have the Common Pleas Court declare Appellant a vexatious litigator.  Both issues remain pending.

The instant appeal is no different than Krudy's many other frivolous filings. To be sure, Appellant filed his complaint in this matter (the "Second Complaint") seeking to proceed anonymously and without identifying his true name. However, Appellant filed a nearly identical lawsuit in 2022 against UHHS and UHCMC, *John Koe v. University Hospitals Health System, Inc.*, *et al.*, 1:22-CV-01455 (the "First Lawsuit"). The First Lawsuit was dismissed by Judge Polster. Jude Polster provided Appellant with the opportunity to refile the First Lawsuit under his real name, but Appellant elected to waive that right and to appeal. Judge Polster's dismissal order has been affirmed by the United States Court of Appeals for the Sixth Circuit.

Despite the dismissal and while the First Lawsuit was pending on appeal, Appellant filed this second lawsuit (the "Second Lawsuit"), which involves the same claims and issues in the First Lawsuit, but now includes additional defendants. Incredibly and in direct contradiction to Judge Polster's prior order, Appellant filed this lawsuit anonymously.

Judge Ruiz properly recognized that Appellant's Second Lawsuit was barred by *res judicata*. In doing so, the Court issued its February 23, 2024 order (the "Order") dismissing the Second Complaint on the merits on the grounds that (1) Judge Polster had already determined the "threshold issue of proceeding under a pseudonym"; and (2) that Appellant could not relitigate the same claims at issue in the First Lawsuit. The Order was well-reasoned and consistent with the authorities

of this Circuit.  Moreover, Judge Ruiz dismissed the Second Complaint on the merits pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Unsatisfied with the Order, Appellant filed a motion for relief from judgment. The motion failed to satisfy the requirements for Rule 59 or Rule 60 and, rather, simply sought to relitigate the First Lawsuit.  Properly so, Jude Ruiz denied the motion for relief from judgment.  Like with the Order, Judge Ruiz's denial of the motion for relief from judgment was extensive, well-reasoned, and should be affirmed.

Accordingly, the Appeal should be denied.

A.    **The Sixth Circuit Addressed The Issue In This Appeal In Appellant's First Lawsuit And Affirmed That Appellant Could Not Proceed Anonymously.**

On August 15, 2022, Appellant filed the First Lawsuit in this same Court. (Complaint for Employment Discrimination (hereinafter "First Complaint").  The First Complaint in the First Lawsuit was filed anonymously under the pseudonym John Koe.  (*See* First Lawsuit at First Complaint at pg. 1, ECF # 1).  Appellant did not seek approval from the Court to file the First Complaint anonymously (*See generally*, the First Lawsuit at First Complaint).  The defendants in the First Lawsuit are UHHS and UHCMC.  (*See* First Lawsuit at First Complaint at pg. 2, ECF # 1).

The First Lawsuit asserts claims under Title VII, the ADA, and the Genetic Information Nondiscrimination Act of 2008.  (*See* First Lawsuit at First Complaint

at pg. 3, ECF # 1). The claims arise out of UHCMC's residency program. (*See* First Lawsuit at First Complaint at pg. 6, ECF # 1). Appellant started in the residency program on June 20, 2019. (*See* First Lawsuit at First Complaint at pg. 7, ECF # 1). On April 23, 2021, Appellant was terminated from the residency program. (*See* First Lawsuit at First Complaint at pg. 9, ECF # 1). Since the discharge, the First Complaint alleges that Appellant has continued to suffer from retaliation. (*See* First Lawsuit at First Complaint at 11, ECF # 1).

On October 13, 2022, District Judge Polster dismissed the First Lawsuit without prejudice to be refiled with a complaint identifying Appellant. (*See* First Lawsuit Docket at ECF # 8). Specifically, Judge Polster ordered Appellant to refile his complaint using his true name should he desire to continue with his claims:

> "[i]f Plaintiff wished to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself."

(Polster Order at 6).

Rather than refile an amended complaint identifying himself, Appellant elected to appeal the Polster Order. (First Lawsuit at ECF # 11). Relevant to this appeal, one of the issues on appeal was whether Judge Polster correctly dismissed Appellant's lawsuit for improperly filing the lawsuit anonymously. (First Lawsuit at ECF # 11).

On March 8, 2024, this Court affirmed the Polster Order with respect to the dismissal of the First Lawsuit. (*See John Koe v. University Hospitals Health Systems, Inc., et al.*, No. 22-3952 (the "Polster Appeal") at ECF # 40 (the "Polster Appeal Order"). In the Polster Appeal Order, this Court confirmed that Appellant's First Complaint was properly dismissed because Appellant failed to satisfy the requirements of Fed. Civ. R. 10(a) and failed to satisfy the requirements to proceed anonymously. (Polster Appeal Order at 5).

Not satisfied with this Court's decision, Appellant petitioned for rehearing *en banc*, which was subsequently denied. (Polster Appeal at ECF ## 42 and 48).

**B.**   **Appellant Filed The Second Lawsuit, Which Raises The Same Facts And Issues As The First Lawsuit.**

While Appellant's appeal was pending with the Sixth Circuit Court of Appeals, Appellant filed his Second Lawsuit. The Second Complaint was filed on January 4, 2024. (Second Complaint, RE at 1). As with the First Lawsuit, the Second Lawsuit was filed by John Koe, a pseudonym. (Second Complaint, RE at 1, PageID # 1). The Second Lawsuit includes additional defendants beyond UHHS and UHCMC. (RE at 1, PageID # 2, 7, and 8). The claims are the same, but Appellant added a state law discrimination claim. (RE at 1, PageID # 3).

Relevant to this matter, the Second Lawsuit makes it clear that all of the alleged wrongful conduct occurred prior to the filing of the First Lawsuit: "It is my best recollection that the alleged discriminatory acts occurred on date(s) May 2020

– September 2022." (Second Complaint, RE at 1, PageID # 4). As with the First Lawsuit, the Second Lawsuit arises out of UHCMC's residency program. (Second Complaint, RE 1, PageID # 9). The Second Lawsuit also challenges Appellant's termination from the residency program. (Second Complaint, RE 1, PageID # 10). Finally, as with the First Lawsuit, the Second Lawsuit alleges retaliation following Appellant's discharge from the residency program. (Second Complaint, RE 1, PageID # 10-11).

### C.    <u>The Order And December Order.</u>

On February 23, 2024, Judge Ruiz dismissed the Second Lawsuit on the merits on grounds of res judicata because it is nearly identical to the First Lawsuit and because it was also improperly filed anonymously. (Order at pg. 2, RE 6, Page ID # 31-32). The Order discusses at length Appellant's First Complaint and Judge Polster's reasoning and authorities for dismissing the First Complaint. (*See generally*, Order, RE 6, Page ID # 31-32). This Court properly recognized that Judge Polster had already determined the threshold issue of proceeding anonymously and provided Appellant with an avenue to correct its faulty filing should he choose to proceed with his claims against Defendants:

> "[t]he threshold issue of proceeding under a pseudonym is no longer open for discussion. Judge Polster already decided that issue in the aforementioned case. Plaintiff is barred by *res judicata* from filing the same case and litigating the same issue a second time in the hope of circumventing Judge Polster's decision on or obtaining a

> different result.  If Plaintiff wishes to file an action against
> these Defendants, the Court has already determined that he
> must do so under his legal name."

(Order at 2, RE 6, PageID # 32).

Moreover, Judge Ruiz dismissed the Second Complaint on the merits pursuant

to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). (Order at 2, RE 6, Page ID #

32).

On March 22, 2024, Appellant filed a Motion for Relief from Judgment. (RE

8, PageID # 34-39).  Relevant to this Brief, the Motion for Relief from Judgment

does not raise any new issues, facts, or laws giving rise to appropriate relief from the

Dismissal. (RE 8, PageID # 34-39).  Moreover, the Motion for Relief from Judgment

largely argues that Judge Polster's dismissal in the First Lawsuit was improper. (RE

8, PageID # 34-39).  On the same day, Appellant also filed a Notice of Appeal to the

Sixth Circuit. (RE 9, PageID # 40).

On December 18, 2024, Judge Ruiz issued his December Order denying

Appellant's Motion for Relief from Judgment. (RE at 15, PageID # 71-74).  In doing

so, Judge Ruiz highlights the fact that Appellant's grounds for seeking relief from

judgment stem from his allegation that Judge Polster's dismissal of the First Lawsuit

was somehow in error:

> "Here, Plaintiff seeks to ground his motion on purported
> defects in the above-referenced case before Judge Polster,
> Case No. 1:22-cv-01455.  However, a motion for relief

17

> from judgment in this case is not a vehicle for seeking to
> alter or amend the judgment in that case."

(December Order at 3, RE 15, PageID # 73).

Judge Ruiz further confirmed in the December Order that the Sixth Circuit Court of Appeals had heard and rejected Appellant's arguments concerning Judge Polster's dismissal in the First Lawsuit. (December Order at 3-4, RE 15, PageID # 73-74).

Finally, Judge Ruiz cited the Sixth Circuit Court of Appeal's dismissal of the appeal of the First Lawsuit as clear support for dismissing the complaint and denying the motion on the grounds of res judicata:

> "In addition, the Sixth Circuit has provided clear guidance
> for considering Plaintiff's related theory that it was proper
> to find here that the prior decision operates a *res judicata*
> on the specific issue of whether Plaintiff may proceed
> anonymously. The Sixth Circuit affirmed Judge Polster's
> decision to dismiss Plaintiff's complaint filed under a
> pseudonym, which decision was the basis for the
> underlying dismissal here."

(December Order at 3, RE 15 at PageID # 74).

### D.    Appellant's Brief.

On March 20, 2025, Appellant filed his Pro Se Appellant's Brief (the "Appellant's Brief"). (Sixth Circuit ECF # 20). As to Judge Ruiz's Order, Appellant raises a variety of meritless arguments. (*See generally*, Appellant's Brief). Specifically, Appellant alleges that the Second Lawsuit was not barred by *res judicata*. (Appellant's Brief at 3-4). In doing so, Appellant ignores the fact that both

18

Judge Polster and this Court previously issued a final decision with respect to the threshold issue of whether Appellant can proceed anonymously. (Appellant's Brief at 3-4).

Appellant also argues that the Order was improper because Judge Polster's decision *and the subsequent decision of this Court affirming Judge Polster's decision*, were somehow improper. (Appellant's Brief at 2-3).

Lastly as to the Order, Appellant alleges that Judge Ruiz acted improperly by dismissing the Second Lawsuit *sua sponte*. (Appellant's Brief at 4-6).

As to Motion for Relief from Judgment, Appellant argues that Judge Ruiz had jurisdiction to rule upon the motion and the denial of the motion was in error. (Appellant's Brief at 3-5).

Finally, Appellant raises arguments concerning his denied motion to amend case caption, which sought to amend the complaint to identify his true name. (*See generally*, Appellant's Brief.  This motion was not filed until September 11, 2024 – many months after Judge Ruiz dismissed the Second Complaint. (RE 13, PageID # 59-60).  Moreover, Judge Ruiz denied this motion, and Appellant failed to timely appeal the denial. (RE 18, PageID # 78).  Accordingly, these arguments are not at issue in this appeal and should be disregarded.

## IV.   <u>SUMMARY OF THE ARGUMENT</u>

"Pursuant to the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Appellant's First Lawsuit sought to assert claims arising out of his termination from UHCMC's residency program.  Appellant filed the First Lawsuit anonymously, and that lawsuit was dismissed by Judge Polster on the grounds that Appellant could not satisfy the standard to commence a lawsuit anonymously.  The Sixth Circuit affirmed the dismissal and confirmed that Appellant could not proceed anonymously.

Despite this, Appellant filed the Second Lawsuit anonymously, asserting the same claims at issue in the First Lawsuit.  Accordingly, because the issue of whether Appellant may proceed anonymously has been determined on the merits, it is barred by res judicata.

Importantly, Judge Ruiz's Order dismissed the Second Complaint on the merits pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). To be sure, a dismissal pursuant to *Apple* is necessarily on the merits because, in so dismissing, the court makes a determination that the claims are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 476 (6th Cir. 1999); *see also Demsey v. Demsey*, No. 1:09-cv-503, 2010 WL 2010963, n. 2 (a dismissal pursuant to *Apple* is on the merits).

Additionally, although already determined conclusively by this Court in the First Lawsuit, and, *assuming arguendo*, res judicata does not apply, has failed to satisfy the standard to proceed anonymously. Federal courts have permitted plaintiffs to proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-713 (5th Cir. 1979)) (various citations). Appellant cannot satisfy this standard.

Finally, Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment for several delineated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

None of these grounds exist to provide Appellant relief from this Court's Order dismissing the Second Lawsuit.

Accordingly, the Appeal should be denied.

## V.    ARGUMENT

### A.    Standard Of Review.

This Court reviews the Order dismissing Appellant's complaint *sua sponte* on the grounds that it is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" by applying the abuse of discretion standard. *See Ward v. Tenn.*, 899 F.2d 1223, 1 (6th Cir. 1990). Similarly, this Court applies the abuse of discretion standard with respect to the denial of Appellant's motion for relief from judgment. *See Flick v. U.S. Bureau of Prisons*, 779 F.2d 50 (6th Cir. 1985).

A district court's order will be reversed under the abuse of discretion standard *only* if the appellate court finds that the district court relied upon clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 640. (6th Cir. 2018).

Here, Judge Ruiz did not abuse his discretion in dismissing the Second Complaint or denying Appellant's Motion for Relief from Judgment.

### B.    Appellant's Complaint Is Barred By *Res Judicata*.

"Pursuant to the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). A subsequent complaint is barred by res judicata if: (1) there was a final decision on the merits by

22

a court of competent jurisdiction; (2) there is a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Appellees can satisfy all elements of res judicata.

As to the first element, Judge Polster's Order was a final decision on the merits. To be sure, Judge Polster dismissed the First Lawsuit on the grounds that Appellant failed to satisfy the requisite standard for filing a complaint anonymously. Appellant appealed Judge Polster's order, and the Sixth Circuit Court of Appeals affirmed the dismissal. Accordingly, the first element is satisfied.

As to the second element, both the First Lawsuit and the Second Lawsuit involve the same parties. Indeed, both UHHS and UHCMC are parties in the First Lawsuit and the Second Lawsuit.

As to the third element, the dismissal in the First Lawsuit was based upon the same issue present in the Second Lawsuit – whether Appellant could proceed with his lawsuits anonymously. As set forth above, Judge Polster addressed whether Appellant could proceed with his lawsuit anonymously and dismissed the First Lawsuit after determining that he could not. Specifically, Judge Polster ordered Appellant to refile his complaint using his true name should he desire to continue with his claims:

"[i]f Plaintiff wished to continue this case, he must within fourteen (14) days of the entry of this order: (1) file a motion to reopen the case; and (2) file an amended complaint identifying himself."

(Polster Order at 6).

Rather than refile an amended complaint identifying himself, Appellant elected to appeal the Polster Order. (First Lawsuit at ECF # 11). Relevant to this appeal, one of the issues on appeal was whether Judge Polster correctly dismissed Appellant's lawsuit for improperly filing the lawsuit anonymously. (First Lawsuit at ECF # 11). Importantly, this Court affirmed Judge Polster's decision. Accordingly, the third element is satisfied.

Finally, as to the fourth element, there is an identify of the causes of action. To be sure, the First Lawsuit and Second Lawsuit involve the same claims, the same parties, and the same issues. Indeed, rather than refile his Complaint in the First Lawsuit pursuant to Judge Polster's directive, Appellant simply attempted to skirt that order by filing a new complaint anonymously.

Relevant to this matter, the Second Lawsuit makes it clear that all of the alleged wrongful conduct occurred prior to the filing of the First Lawsuit: "It is my best recollection that the alleged discriminatory acts occurred on date(s) May 2020 – September 2022." (Second Complaint, RE at 1, PageID # 4). As with the First Lawsuit, the Second Lawsuit arises out of UHCMC's residency program. (Second Complaint, RE 1, PageID # 9). The Second Lawsuit also challenges Appellant's

termination from the residency program. (Second Complaint, RE 1, PageID # 10). Finally, as with the First Lawsuit, the Second Lawsuit alleges retaliation following Appellant's discharge from the residency program. (Second Complaint, RE 1, PageID # 10-11). Accordingly, the fourth element is satisfied.

Accordingly, the issue of whether Appellant may proceed anonymously with respect to the Second Lawsuit was previously litigated and is barred by res judicata. Thus, Judge Ruiz did not abuse his discretion in issuing the Order.

Moreover, Judge Ruiz's decision to issue his Order *sua sponte* was also not an abuse of discretion. As recognized by Judge Ruiz:

> "District Courts… have the discretion to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed a non-prisoner if it appears that the allegations are 'totally implausible, attenutated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion."

(Order at 1-2, RE 6, PageID # 31-31) (citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Here, as set forth above, the issue of whether Appellant could proceed anonymously was previously litigated and determined by this Court. Appellant's attempt to proceed anonymously was "totally implausible, attenutated, unsubstantial, frivolous, devoid of merit, or no longer open for discussion." Moreover, as set forth above, Appellant's actions in these lawsuits has been nothing

more but frivolous and wholly devoid of any merit. Accordingly, Judge Ruiz did not abuse his discretion in dismissing the Second Lawsuit *sua sponte*.

Thus, the appeal should be denied.

### C.    The Second Complaint Was Dismissed On The Merits.

As set forth above, Appellant has continued filing of charges and lawsuits against Appellees following the Order, arguing that Judge Ruiz's Order did not dismiss the Second Complaint on the merits. In fact, in January 2025, Appellant filed a third complaint in the Cuyahoga County Court of Common Pleas, which Appellant admits is the same complaint at issue in the Second Lawsuit. *See Nicholas Krudy, MC v. University Hospitals Health System, Inc.*, No. CV-25-112548. Appellant has taken the position in that lawsuit that the Second Complaint was not dismissed on the merits and intends to continue his harassment and frivolous conduct based upon this incorrect and frivolous position.

As set forth above, Judge Ruiz dismissed the Second Complaint on the merits pursuant to *Apple v. Glenn*, 183 F.3d 477, 476 (6th Cir. 1999). Importantly, a dismissal pursuant to *Apple* is on the merits. To be sure, a dismissal pursuant to *Apple* is necessarily on the merits because, in so dismissing, the court makes a determination that the claims are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion. *Apple v. Glenn*, 183 F.3d 477, 476 (6th Cir. 1999); *see also Demsey v. Demsey*, No. 1:09-cv-503, 2010 WL

2010963, n. 2 (a dismissal pursuant to *Apple* is on the merits). Accordingly, the first element of res judicata is met.

Assuming, *arguendo*, that an *Apple* dismissal is not on the merits – which it is – the Sixth Circuit Court of Appeals in *Argo Wealth Management, Inc. v. Brenner, et al.*, No. 23-3585, 2024 WL 5321250 (6th Cir. Aug. 6, 2024) leaves no doubt that Judge Ruiz's dismissal of Appellant's claims arising out of his former employment with UHCMC was on the merits.

At issue in *Argo Wealth Management*, was the plaintiff's refiling of his claims pursuant to the Ohio Savings Statute following the district court's dismissal of those claims without prejudice. *Id.* at *1-3. Although the plaintiff in *Argo Wealth Management*, refiled his claims within one year of the dismissal, the Sixth Circuit Court of Appeals determined that the claims were not subject to the Ohio Savings Statute because the underlying claims were not filed within the statute of limitations applicable to those claims. *Id.* at *2-3. Specifically, the Sixth Circuit Court of Appeals found that, although the prior dismissal was without prejudice, the failure to commence the claims in a later lawsuit within the applicable statute of limitations rendered the claims to be a dismissal on the merits, thereby barring the applicability of the Ohio Savings Statute:

> "The district court concluded that the savings statute did not apply in this case, even though it dismissed the plaintiffs' first complaint for failure to prosecute. The court reasoned that even though its prior dismissal was

> without prejudice, it had the effect of a dismissal on the merits because the statute of limitations barred the claims at the time it entered its judgment."

*Id.* at * 3.

Here, the statute of limitations for Appellant's Title VII and ADA claims had exhausted by the time of Judge Ruiz's February 2024 Order. *See* 42 U.S.C. § 2000e-5(f) and 42 U.S.C.A. § 12117(a).  As to Appellant's state law claims pursuant to O.R.C. § 4112, *et seq.*, they are subject to a two-year statute of limitations. O.R.C. § 4112.052(C)(1).   Appellant was terminated from UHCMC in April, 2021. Accordingly, the statute of limitations for these claims expired in April, 2023.  Thus, any claims arising out of Appellant's former employment with UHCMC and his discharge therefrom were dismissed on the merits by Judge Ruiz in his February, 2024 order.  Thus, the first element of res judicata can also be met through *Argo Wealth*.

## D.   **Even If Not Barred By *Res Judicata*, The Second Complaint Should Be Dismissed Because The Complaint Fails.**

### 1.   **The Sixth Circuit's Commencement Standard.**

Pursuant to Rule 3, an action is commenced "by filing a complaint with the court."  Fed. R. Civ. P. 3.  To be a valid complaint that complies with Rules 7 and 10, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."  Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Courts have uniformly established that "it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner." *Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005). The Tenth Circuit Court of Appeals has long held that a plaintiff must make a "request to the district court for permission to proceed anonymously." *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). The Tenth Circuit has further held that "[a]bsent permission, the district court lacks 'jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Oklahoma v. Biden*, 577 F.Supp.3d 1245, 1251-1252 (W.D. Ok. 2021) (citing W.N.J. v. Yocum, 257 F.3d 1171, 1172-1173 (10th Cir. 2001)).

In *Citizens for a Strong Ohio v. Marsh*, 123 Fed. Appx. 630, 637 (6th Cir. Jan. 3, 2005), the Sixth Circuit adopted the Tenth Circuit's longstanding anonymous pleading standard set forth in *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). *Marsh*, 123 Fed. Appx. at 637. The *Marsh* lawsuit was filed by two named plaintiffs and "various anonymous parties." *Id.* at 631. Relevant to this Motion, the district court in *Marsh* granted a motion to dismiss the claims asserted by the anonymous parties. *Id.* On appeal, the *Marsh* court affirmed the dismissal of the claims asserted by the anonymous parties. *Id.*

The *Marsh* court's analysis is equally applicable to this case. *Id.* at 636-637. The *Marsh* court reasoned that permitting a John Doe to assert such a claim may permit a party to find an "easy way" to circumvent legal standards that are applicable to identified plaintiffs. *Id.* at 636. The Court further reasoned that "[o]rdinaily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym." *Id.* More importantly, "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case. . . ." *Id.* The Court finally held, based on the Tenth Circuit's holding in *Nat'l Commodity & Barter Ass'n Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989), that a "'federal court[] lack[s] jurisdiction over the unnamed parties'" because the anonymous plaintiff did not "commenc[e]" the lawsuit. *Marsh*, 123 Fed. Appx. at 637 (*citing Gibbs*, 886 F.2d at 1245 (10th Cir. 1989)).

More recently, in *Ericksen v. United States*, Case No. 17-1526, 2017 U.S. App. LEXIS 22511 *2 (6th Cir. Sept. 12, 2017), the Sixth Circuit again reaffirmed its prior holding that the "'[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case . . . .'" *Id.* at *2 (*quoting Marsh*, 123 F. Appx. at 637)). In addition, numerous federal courts have dismissed anonymously filed complaints based on the Tenth Circuit's analysis that has been adopted by the *Marsh* court. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172-1173 (10th Cir. 2001) (finding no jurisdiction where plaintiffs did not obtain district court's permission to proceed

using initials); *M.A.C. v. Gildner*, 853 F. Appx. 207 (10th Cir. 2021) (explaining that this holding "is still the law of the circuit" and affirming the district court's sua sponte dismissal for lack of subject-matter jurisdiction where a plaintiff did not seek leave to proceed anonymously); *Barth v. Kaye*, 178 F.R.D. 371, 376 (N.D.N.Y. 1998) (refusing to allow plaintiff to proceed anonymously where plaintiff, "failed to even request the privilege of proceeding anonymously, let alone make a showing that his factual situation warrants this special treatment"); *Estate of Rodriquez v. Drummond Co., Inc*., 256 F.Supp. 2d 1250 (N.D. Ala. 2003) (holding that court lacked jurisdiction over unnamed plaintiffs who did not seek leave to proceed anonymously before employing pseudonyms); *Doe v. Husband*, CIVIL ACTION NO. 4:03cv166, 2004 U.S. Dist. LEXIS 28345 *19 (E.D.Va. Aug. 10, 2004) ("the Court notes that jurisdictional problems arise when a plaintiff attempts to proceed anonymously without filing a request with the Court to do so").

### 2. Appellant Has Failed To Timely Commence This Lawsuit.

The *Marsh* court's analysis is equally applicable to this matter. The Second Complaint in this matter was filed by a pro se plaintiff seeking to proceed anonymously. However, as in *Marsh*, Appellant failed to obtain permission from this Court before proceeding anonymously. Accordingly, the District Court lacks jurisdiction over the Second Complaint because Appellant has not yet commenced an action against Appellees.

The commencement date is critical in this matter because a plaintiff must exhaust his administrative remedies as "a precondition" to filing a Title VII or ADA lawsuit. *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008) (*citing McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 692, 612 (6th Cir. 1991)); *Waller v. Daimler Chrysler Corp*., 391 F. Supp. 2d 594, 598 (E.D. Mich. 2005 (administrative requirements apply to ADA claims). Before filing a discrimination lawsuit, a plaintiff must first file a timely administrative charge with the EEOC. *Williams v. N.W. Airlines, Inc*., 53 F. App'x 350, 351-52 (6th Cir. 2002) (*citing* 42 U.S.C. § 2000e-5(e)). If the alleged unlawful practice occurred in a "deferral" state, such as Ohio, the plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act. *Amini v. Oberlin Coll*., 259 F.3d 493, 498 (6th Cir. 2001) (*quoting* 42 U.S.C. § 2000e-5(e)(1)). Once the EEOC dismisses a charge and issues a notice-of-right-to-sue, the plaintiff has 90 days to file a civil action. *N.W. Airlines, Inc*., 53 F. App'x at 351 (citing 42 U.S.C. § 2000e-5(f)(1)). It is appropriate to dismiss a Title VII action for failure to timely exhaust administrative remedies. *Id*. at 352.

The right-to-sue letter, as alleged by Appellant, was issued on October 6, 2023. (Second Complaint, RE 1, at PageID # 5). Based on the date of the right-to-sue letter, Appellant's Second Complaint needed to be commenced by January 4, 2024. However, Appellant's anonymous filing did not meet the Rule 3 standard.

Accordingly, the Second Complaint fails as a matter of law and the District Court's Dismissal Order was appropriate. *See N.W. Airlines, Inc*., 53 F. App'x at 351.

### 3. The Complaint Should Also Be Dismissed Because Appellant Cannot Meet The Anonymous Standard.

In order to leave no doubt that Appellant's filing is inappropriate, Appellees will address the standard for proceeding anonymously in a federal court lawsuit. Generally, "it is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Carson*, No. 19-1566, 2020 U.S. App. LEXIS 14520, at *4-5 (6th Cir. May 6, 2020) (*citing Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (*per curiam*)).  Federal courts have permitted plaintiffs to proceed anonymously "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-713 (5th Cir. 1979)) (various citations).

In *Porter,* the Sixth Circuit set forth four factors for a district court to consider when faced with a plaintiff seeking to proceed anonymously:  (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an

intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.  *Porter*, 370 F.3d at 560.

In this matter, Appellant is asserting employment claims and he previously filed a charge of discrimination which would be subject to disclosure through a freedom of information act request.  Appellant is not a child, and he is not challenging government activity.  Rather, Appellant is a physician with a public license who is asserting run-of-the-mill employment claims.  Moreover, Appellant's Second Complaint provides many factual allegations which make it easy for any reader to identify Appellant's identify.  Finally, the Second Complaint provides many details and, therefore, this litigation will not entail Appellant disclosing any facts of utmost intimacy.  Accordingly, any error in dismissing the Second Lawsuit *sua sponte* based upon res judicata was harmless, as Appellant nevertheless cannot satisfy the anonymous standard with respect to the Second Lawsuit.

### E.    Appellant Failed To Address The Rule 60 Requirements And, Instead, Sought To Relitigate The Dismissal.

Finally, the appeal should be dismissed because Judge Ruiz did not abuse his discretion in denying Appellant's Motion for Relief from Judgment.

To seek Rule 60(b) relief during the pendency of an appeal, the "proper procedure is for [a laintiff] to file his motion in the district court. If that court indicates that it will grant the motion, the Plaintiff should then make a motion in

[the] court [of appeals] for a remand of the case in order that the district court may grant the motion." *Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005).

Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment for several delineated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

None of these grounds exist to provide Appellant relief from this Court's Order dismissing the Second Lawsuit.

In fact, Appellant in his motion before Judge Ruiz and in his Appellant's Brief confirms that he cannot satisfy those requirements.   In fact, the factors and requirements for Rule 60 relief are not even mentioned in Appellant's motion filed with Judge Ruiz or his Appellant's Brief. (*Id.*).  Rather, Appellant's motion and brief leave no doubt that there are no facts or arguments supporting any Rule 60 relief and is nothing more than an attempt to relitigate this Court's dismissal order and the dismissal issued by Judge Polster in the First Lawsuit:

> "[p]lainly, the Dismissal Order fails to accurately and fairly portray the factual record and sequence of events in the prior case…Notably, the district court in that case did not afford Koe notice or leave to amend prior to its October 13, 2022 dismissal of his action and

> contemporaneous entry of separate judgment dismissing
> all claims…"

(*Id.* at 1).

Appellant does not raise any new arguments but, rather, simply seeks to address the matter solely upon the merits of relitigating *res judicata*.

Importantly, Rule 60(b) does not grant a defeated litigant "a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The purpose of a Rule 60(b) motion, rather, is to permit a district court to reconsider its judgment when that judgment rests on a defective foundation. The factual predicate of a Rule 60(b) motion therefore concerns some irregularity or procedural defect in the procurement of the judgment denying relief. See *In re Abdur'Rahman*, 392 F.3d 174, 179-80 (6th Cir. 2004) (en banc), judgment vacated in *Bell v. Abdur'Rahman*, 545 U.S. 1151, 125 S. Ct. 2991, 162 L. Ed. 2d 909 (2005). Relief under Rule 60(b) is "'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)); *Vargo v. D & M Tours, Inc.*, No. 4:18CV01297, 2020 U.S. Dist. LEXIS 35367, at *9 (N.D. Ohio Mar. 2, 2020) (finding that regardless of the subsection of Rule 60(b), relief granted under Rule 60(b) is "the exception, not the rule" because the courts are guided by the

36

constraints imposed by public policy favoring finality of judgment and termination of litigation).

Here, Appellant fails to identify any irregularity or procedural defect in the procurement of the judgment. As Judge Polster articulated in the First Lawsuit, "[p]ermitting an amended complaint under these circumstances would undermine the policy demands of Rule 60, which necessarily balance justice with interests in litigation finality. *See Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). Put simply, Appellant's claims are barred by res judicata and Appellant's frivolous motions do nothing more than delay the inevitable and do not support Rule 60 relief.[1] Accordingly, Judge Ruiz did not abuse his discretion in denying Appellant's motion for relief from judgment.

---

[1] The Sixth Circuit recently addressed the elements of res judicata in *Autumn Wind Lending, LLC v. Estate of John J. Siegel*, 92 F.4th 630, 634-635 (2024). These elements support this Court's dismissal order and support denying Plaintiff's motion.

## VI.    **CONCLUSION**

Based on the above arguments and authorities, Appellees respectfully request that the Sixth Circuit affirm the District Court's dismissal of the Second Complaint and denial of Appellant's Motion for Relief from Judgment, and deny the Appeal.

Respectfully submitted,

*/s/ David A. Campbell*_____
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Gordon Rees Scully Mansukhani
600 Superior Avenue East, Suite 1300
Cleveland, Ohio 44114
Phone: 216-302-2531
Fax: 216-539-0026
Dcampbell@grsm.com
Dslezak@grsm.com

*Attorneys for Appellees*

## <u>6 CIR. R. 32 CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure and 6 Cir. R. 31(g)(1) and 6. Cir. R. 32 (a), the undersigned counsel, relying on the word county of the word-processing system used to prepare this document, certified that the foregoing complies with the word count issued by this Court's briefing schedule. Section I through Section VI of this Brief contain 6638 words.

*/s/ David A. Campbell*

David A. Campbell (0066494)

*One of the Attorneys for Appellee*

## **ADDENDUM: DESIGNATION OF DOCUMENTS**

Complaint, RE 1, Page ID # 1-15

Dismissal Order, RE 6, Page ID # 31-32

Motion for Relief from Judgment, RE 8, Page ID # 34-39

Appeal, RE 9, Page ID # 40

Order, RE 15, Page ID # 71-74

Plainriff's Motion to Amend Caption, RE 13, Page ID # 59-60

Amended Notice of Appeal, RE 16, Page ID # 75-76

Denial of Motion to Amend Caption, RE 18, Page ID # 78

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of May 2025, the foregoing was filed through the Court's CM/ECF electronic filing system.  A copy of this filing will be sent to all parties through the court's ECF system.


*/s/ David A. Campbell*
David A. Campbell (0066494)

*One of the Attorneys for Appellee*