**RECEIVED**
07/02/2025
KELLY L. STEPHENS, Clerk

**Case No. 24-3263**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

**JOHN KOE, a pseudonym**
Plaintiff–Appellant,

v.

**UNIVERSITY HOSPITALS HEALTH SYSTEMS, INC.;**
**UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER;**
**SEAMUS MCMAHON; DAVID A. CAMPBELL, III;**
**ROBERT J. RONIS; CATHLEEN A. CERNY-SUELZER;**
**ANDREW W. HUNT; SUSAN T. NEDOROST;**
**KATHERINE VANSTRATTON**
Defendants–Appellees.

---

**On Appeal from the United States District Court for the Northern District of Ohio**
Case No. 1:24-cv-00024 | Hon. David A. Ruiz

---

### REPLY BRIEF OF PLAINTIFF–APPELLANT

---

John Koe, a pseudonym
aka Nicholas Krudy

Plaintiff–Appellant, pro se

PO Box 527
Novelty, OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

# TABLE OF CONTENTS

TABLE OF CONTENTS..............................................................................i

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF JURISDICTION ...........................................................1

CLARIFICATION OF THE ISSUES ON APPEAL ...................................2

STATEMENT OF THE CASE....................................................................3

SUMMARY OF THE ARGUMENT ...........................................................5

ARGUMENT ..............................................................................................7

    A. The Standard of Review......................................................................7

    B. The Sua Sponte Dismissal Under Apple v. Glenn Was Procedurally Improper and Not Harmless ...................................................................8

    C. This Action Is Not Precluded Because the Prior Action Was Dismissed Sua Sponte Without Prejudice..............................................................12

    D. The Sua Sponte Dismissal Was Procedural, Not Merits-Based ....................14

    E. The Second Complaint Was Properly Commenced, and Any Caption Irregularity Was Harmless and Cured..........................................................16

    F. The District Court Misapplied the Governing Standards in Denying Reconsideration ..............................................................................19

CONCLUSION .......................................................................................22

# TABLE OF AUTHORITIES

<u>Cases</u>

*Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999)... ................... 1, 4, 5, 8, 15, 16, 21, 23

*B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir. 2021)... ......................................................18

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005)... .............18

*Conley v. Gibson*, 355 U.S. 41 (1957)... ..................................................................17

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)........................................12

*Doe v. Cedarville Univ.*, 2024-Ohio-100, ¶ 10 (2d Dist.)... ....................................19

*Foman v. Davis*, 371 U.S. 178 (1962)... ........................................................8, 11, 17

*Hagans v. Lavine*, 415 U.S. 528 (1974)............................................................8, 15

*Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010)... ...........................................................7

*Koe v. Univ. Hosps. Health Sys., Inc.*, No. 1:22-cv-01455 (N.D. Ohio 2022)... ......12

*Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952 (6th Cir. 2024)..............3, 12, 14

*Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982)... ...................................13, 14

*Montana v. United States*, 440 U.S. 147 (1979)... ..............................................13, 14

*Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989)..........18

*Ward v. Tennessee*, 899 F.2d 1223 (6th Cir. 1990)... ..................................................7

<u>Statutes</u>

28 U.S.C. § 1291............................................................................................2

28 U.S.C. § 1331.....................................................................................1, 6, 9

28 U.S.C. § 1915(e)........................................................................................3

28 U.S.C. § 1915(e)(2)(B)..............................................................................7

29 U.S.C. § 1915(e)........................................................................................7

<u>Rules</u>

Fed. R. App. P. 4(a)(4)..................................................................................20

Fed. R. App. P. 4(a)(4)(B)(ii)..........................................................................2

Fed. R. Civ. P. 1...........................................................................................17

Fed. R. Civ. P. 3.....................................................................................17, 19

Fed. R. Civ. P. 12(b)(1)................................................................................15

Fed. R. Civ. P. 12(b)(6).......................................................................9, 13, 15

Fed. R. Civ. P. 12(c)....................................................................................13

Fed. R. Civ. P. 15...........................................................................................7

Fed. R. Civ. P. 15(a)(1).................................................................................11

Fed. R. Civ. P. 15(c)....................................................................................11

Fed. R. Civ. P. 41(a)(1).................................................................................12

Fed. R. Civ. P. 41(b)...............................................................................9, 15

Fed. R. Civ. P. 56...................................................................................9, 13, 15

Fed. R. Civ. P. 59(e)........................................ 1, 2, 6, 7, 9, 10, 20, 21

Fed. R. Civ. P. 60(b)....................................................1, 5, 6, 20, 22

Fed. R. Civ. P. 61..........................................................10-11, 17-18

Fed. R. Civ. P. 82.......................................................................17

## Other Authorities

18 Moore's Federal Practice § 131.54[1] (2025).....................................12

18 Moore's Federal Practice § 131.41[1] (2025).....................................13

**STATEMENT OF JURISDICTION**

This is an appeal from a final decision of a district court that sua sponte dismissed a paid, non-prisoner federal civil rights action at the preliminary screening stage, without prior notice or leave to amend. (RE 6, PageID# 31–32.)

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331 because the complaint invoked federal-question jurisdiction under the Genetic Information Nondiscrimination Act (GINA), the Americans with Disabilities Act (ADA), and Title VII of the Civil Rights Act of 1964. (RE 1, PageID# 3.)

On February 23, 2024, the district court cited *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) and dismissed the action sua sponte. (RE 6, PageID# 31–32.) That same day, it entered separate judgment. (RE 7, PageID# 33.)

Appellant timely moved for post-judgment relief under Rule 59(e), identifying clear legal and procedural error. (RE 8, PageID# 34–39.) He filed a notice of appeal the same day. (RE 9, PageID# 40.) The Sixth Circuit docketed the appeal and held it in abeyance pending resolution of the post-judgment motion. (RE 10, PageID# 41.)

On December 18, 2024, the district court denied Rule 59(e) relief, concluding it lacked jurisdiction due to the pending appeal and, alternatively, that no basis for relief existed under Rule 60(b). (RE 15, PageID# 71–74.) Appellant filed an amended notice of appeal on January 13, 2025. (RE 16, PageID# 75.)

This Court has appellate jurisdiction under 28 U.S.C. § 1291. Because the Rule 59(e) motion was filed within 28 days of judgment, the amended notice of appeal permits review of both the underlying dismissal and the denial of post-judgment relief. See Fed. R. App. P. 4(a)(4)(B)(ii).

## CLARIFICATION OF THE ISSUES ON APPEAL

This appeal concerns whether a federal court may sua sponte dismiss a paid, non-prisoner civil rights action—without notice, without a responsive pleading, and without leave to amend—based solely on a technical objection to pseudonymity. The complaint plainly invoked federal-question jurisdiction under the ADA, GINA, and Title VII, supported by detailed allegations and exhibits. The district court did not identify any jurisdictional defect and never found the claims implausible or frivolous. No opportunity to amend was provided.

Appellant timely moved for reconsideration under Rule 59(e), identifying clear legal error and procedural irregularities. While that motion was pending, he also moved to amend the caption to reflect his legal name. The district court denied relief without addressing the motion's central arguments or acknowledging the pending motion to amend. The issues on appeal are whether the sua sponte dismissal, and the refusal to reinstate or permit amendment, were procedurally proper and legally justified.

Contrary to Appellees' framing, this appeal does not turn on res judicata or pseudonymity. The request to proceed under a pseudonym is no longer live: Appellant unequivocally abandoned it as of September 2024. The real question is whether the district court erred in dismissing and refusing to reinstate a case over which it had jurisdiction, where the Federal Rules required notice and an opportunity to amend before dismissal.

## STATEMENT OF THE CASE

Nicholas Krudy, initially proceeding under the pseudonym "John Koe," filed this civil rights action on January 4, 2024, after receiving a Notice of Right to Sue from the EEOC on October 6, 2023. At that time, his appeal in *Koe v. University Hospitals Health System, Inc.*, No. 22-3952 (6th Cir.) ("Koe I"), remained pending. That earlier appeal sought relief from a sua sponte screening dismissal under 28 U.S.C. § 1915(e), which had been entered without notice or leave to amend.

After University Hospitals declined a tolling agreement that Krudy had proposed to preserve his newly ripened claims and avoid duplicative litigation, he filed a complaint and commenced this action on January 4, 2024. (RE 2, PageID# 17 n.1; RE 1, PageID# 1–12.) He disclosed the prior related action at the time of filing. (RE 1-1, PageID# 13.)

That same day, he moved for leave to proceed under a pseudonym. (RE 2, PageID# 16–17.) The motion explained that the complaint involved unlawful

medical inquiries and disclosure of protected health information, and that requiring disclosure of his identity would irreparably harm a privacy interest recognized by federal law. Krudy requested interim relief pending briefing, service, and resolution of the issue.

On January 18, 2024, Appellees appeared and moved to reassign the case to the judge who had presided over the prior dismissed action, then the subject of the pending appeal. (RE 4, PageID# 20–25.) Krudy opposed reassignment on February 5, 2024, noting that reassignment was improper under the district court's local rules because the prior case had been closed, and Appellees had identified no compelling grounds to override the default assignment process. (RE 5, PageID# 27–28.)

On February 23, 2024, the district court cited *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), and sua sponte dismissed the action while simultaneously denying the pseudonym motion. (RE 6, PageID# 31–32.) The court stated that the "threshold issue" of pseudonymity had already been decided and was "no longer open to discussion." The action was dismissed without leave to amend. A separate judgment was entered the same day. (RE 7, PageID# 33.)

On March 22, 2024, Krudy moved for relief from the dismissal, arguing that the sua sponte action had occurred without notice, opportunity to respond, or leave to amend. (RE 8, PageID# 34–38.) Although the motion did not cite Rule 59(e) by

- 4 -

name, it was timely and satisfied that rule's standards by identifying legal error, procedural irregularity, and prejudice. That same day, Krudy filed a notice of appeal. (RE 9, PageID# 40.)

On March 26, 2024, the Sixth Circuit notified the parties that the appeal would be held in abeyance pending resolution of the post-judgment motion. (RE 10, PageID# 41.) Krudy later moved to enlarge the time for service. (RE 11, PageID# 42–46.) On September 11, 2024, he moved to amend the caption to reflect his legal name, Nicholas Krudy—thereby unequivocally abandoning the request to proceed pseudonymously. (RE 13, PageID# 59.)

On December 18, 2024, the district court denied the post-judgment motion, holding that it lacked jurisdiction due to the pending appeal and, in the alternative, that no relief was warranted under Rule 60(b). (RE 15, PageID# 71–74.) The court did not address Krudy's pending motion to amend the caption. On January 13, 2025, Krudy filed an amended notice of appeal. (RE 16, PageID# 75.)

**SUMMARY OF THE ARGUMENT**

The district court erred in invoking *Apple v. Glenn* to sua sponte dismiss this paid civil rights action without prior notice, without an opportunity to respond, and without allowing amendment. *Apple* cautioned that the narrow exception it condoned to the rule against sua sponte dismissal without leave to amend was appropriate only in the rarest circumstances—where the complaint's allegations are

- 5 -

so utterly implausible or insubstantial that they fail to invoke any basis for federal-question jurisdiction. No such defect existed here. The complaint plainly alleged violations of the ADA, GINA, and Title VII and clearly invoked the district court's mandatory subject-matter jurisdiction under 28 U.S.C. § 1331. This departure from standard procedure undermined both the integrity of the process and the merits-based adjudication that the Rules are designed to protect.

Krudy timely moved under Rule 59(e) to request reconsideration and reinstatement, citing legal error and procedural irregularities. While that motion was pending, he also moved to amend the caption to reflect his legal name. Appellees now recast the Rule 59(e) motion as if it were solely a Rule 60(b) request, disregard the correct legal standard, and argue the motion to amend should be excluded from review. Here, Appellees attempt to transform a sua sponte screening dismissal—issued without prior notice or any opportunity to respond or amend—into a final judgment on the merits entitled to preclusive effect.

That attempt must fail. Appellees' Brief misstates the applicable law including standards of review, fails to portray the factual record accurately and fairly, and injects inflammatory and ad hominem rhetoric without support in this record—or any other.

This was a disfavored sua sponte dismissal of a case the district court had both the power and the duty to adjudicate. The district court failed to honor the

mandatory safeguards applicable to paid complaints, including prior notice and an opportunity to amend.

While this appeal was held in abeyance, Krudy moved to amend the caption to reflect his legal name. Still, the district court declined to reopen or reinstate this civil rights action.

The judgment should be vacated to restore the orderly application of procedural rules and allow Krudy a fair opportunity to pursue his civil rights claims on the merits.

## ARGUMENT

### A. The Standard of Review

A district court's sua sponte dismissal—whether for lack of subject-matter jurisdiction or under 28 U.S.C. § 1915(e)(2)(B)—is reviewed de novo. See *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Appellees' reliance on *Ward v. Tennessee*, 899 F.2d 1223 (6th Cir. 1990), is misplaced. *Ward* applied de novo review under the predecessor to the current 29 U.S.C. § 1915(e) and concerned a pro se prisoner's unpaid complaint—not a paid, non-prisoner civil rights action. It has no bearing here, and even if it was relevant, it supports de novo review.

The post-dismissal motion timely under Rule 59(e) challenged the legal foundation of that dismissal. When a Rule 59(e) motion asserts clear legal error, review is again de novo.

The district court declined to exercise jurisdiction over a case within its power, in disregard of Rule 15 and notice-amendment safeguards required by precedent. Such rulings do not reflect an exercise of discretion and are not entitled to a deferential standard of review.

## B. The Sua Sponte Dismissal Under Apple v. Glenn Was Procedurally Improper and Not Harmless

The district court erred in invoking *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), to sua sponte dismiss a paid, non-prisoner civil rights action—without prior notice, without a responsive pleading, and without affording leave to amend. Apple permits a limited exception to the normal procedural course, allowing pre-service dismissal only "in the rarest of circumstances," where the allegations are so "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" that they fail to invoke federal-question jurisdiction. Id. at 479–80 (citing *Hagans v. Lavine*, 415 U.S. 528, 536–38 (1974) (recognizing a court's authority to dismiss only where the claim is "wholly insubstantial")). This case does not come close to that standard.

Even if the district court believed there was a threshold deficiency, the appropriate course was to provide notice and allow amendment—not to terminate the action sua sponte. See Apple, 183 F.3d at 479 (exception applies only in "rare" cases); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely

given absent bad faith or futility). The dismissal bypassed these safeguards and prematurely foreclosed adjudication on the merits. That error was not harmless.

Krudy's complaint plainly invoked federal-question jurisdiction under the ADA, GINA, and Title VII. (RE 1, PageID# 3.) It asserted claims under 28 U.S.C. § 1331, made detailed factual allegations, and included supporting exhibits. The accompanying motion for a protective order (RE 2) sought to preserve pseudonymity pending briefing and service; it did not seek to obscure identity from the court or evade identification altogether. Nothing in the complaint suggested that the claims were implausible or jurisdictionally defective—and the district court made no such finding.

The court dismissed Krudy's case in under two months—after University Hospitals had already appeared (RE 5) and while the pseudonym motion remained unresolved. (RE 6, PageID# 31–32 (Order of Dismissal).) It invoked *Apple* and declared the pseudonym issue "no longer open to discussion," despite substantial reason to doubt the fairness and completeness of the sua sponte ruling in *Koe I*. The dismissal order cited neither Rule 12(b)(6), Rule 56, nor Rule 41(b), and made no finding that the complaint failed to state a claim. Final judgment was entered the same day.

Krudy filed a timely Rule 59(e) motion (RE 8) on March 22, 2024, identifying clear legal error and procedural irregularities in the sua sponte

dismissal. He appealed the same day. (RE 9). The Sixth Circuit held the appeal in abeyance to permit the district court to consider the pending Rule 59(e) motion. (RE 10.) While the case was in abeyance, Krudy also filed a motion to amend the caption to reflect his legal name (RE 13), directly addressing the district court's stated concern regarding pseudonymity.

The district court denied Rule 59(e) relief without engaging with the motion's core arguments or acknowledging the lack of pre-dismissal notice and opportunity to amend. It made no mention of the pending caption amendment. The failure to address either filing compounded the original procedural error and denied Krudy a fair opportunity to proceed on the merits.

Appellees now attempt to reframe the dismissal as a final adjudication "on the merits," grounded in res judicata. (Appellees' Br. 10, 26, 34.) But the record shows otherwise. The dismissal order did not apply res judicata in its traditional claim preclusion sense. It offered no analysis suggesting the *Koe I* dismissal had preclusive effect on the claims asserted here. It relied entirely on *Apple* and the pseudonym issue. See RE 6, PageID# 31. It did not resolve any claim on the merits, and it did not afford the procedural protections required by the Rules before doing so.

The use of a pseudonym at filing was, at most, a technical defect—harmless under the circumstances and easily correctable.  See Fed. R. Civ. P. 61 ("At every

stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Appellees do not identify or argue any prejudice flowing from the caption used at filing. They knew Krudy's legal name, his identity, and the nature of the claims. The complaint disclosed the prior action, used a consistent pseudonym, and documented Krudy's efforts to reach a tolling agreement before refiling. See RE 1, RE 2. The proper course was to allow amendment or correction—not to terminate the action without notice, briefing, or an opportunity to cure. See RE 6, PageID# 31–32.

The sua sponte dismissal of the entire action was not harmless. It extinguished Krudy's right to amend as of right under Rule 15(a)(1), severed Rule 15(c) relation back, obstructed efforts to perfect service, and prematurely foreclosed merits adjudication of viable claims. See *Foman*, 371 U.S. at 182 ("[O]utright refusal to grant the leave [to amend] without any justifying reason … is not an exercise of discretion; it is merely abuse of that discretion."). Rather than follow the normal rules or allow amendment of the caption or complaint, the court invoked *Apple* to short-circuit procedural safeguards.

Because this case does not fall within the rare jurisdictional exception *Apple* contemplates, and because the district court failed to follow the core protections required by the Rules and fundamental fairness, the dismissal must be vacated and the case reinstated.

**C. This Action Is Not Precluded Because the Prior Action Was Dismissed Sua Sponte Without Prejudice**

Appellees' assertion that a ruling in the prior action (*Koe I*) bars this action misstates both the record and governing law. Their argument rests on the false premise that the district court's sua sponte dismissal in Koe I operated as an adjudication on the merits with claim-preclusive effect. It did not. The district court expressly dismissed the complaint without prejudice. See *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 1:22-cv-01455 (N.D. Ohio Oct. 13, 2022) (Order, ECF No. 7). That alone forecloses any claim of res judicata. On appeal, the Sixth Circuit affirmed only the dismissal of the complaint without prejudice. See *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, at *5 (6th Cir. Mar. 8, 2024) ("we affirm the district court's dismissal of Koe's complaint without prejudice").

Dismissals without prejudice do not satisfy the first element of claim preclusion. See *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("'Dismissal without prejudice' is a dismissal that does not 'operate as an adjudication upon the merits,' Rule 41(a)(1), and thus does not have a res judicata effect."); 18 *Moore's Federal Practice* § 131.54[1] (2025) ("A dismissal of an action without prejudice is an indication that the judgment is not on the merits and will therefore have no preclusive effect."). Appellees' suggestion that such a dismissal has claim-preclusive effect misrepresents the law and the record in this case.

- 12 -

Appellees cite no authority for the proposition that a sua sponte screening dismissal expressly designated "without prejudice" constitutes a final judgment on the merits entitled to preclusive effect. Even if that designation could somehow be overcome, the argument still fails. A threshold procedural ruling on a collateral matter—such as the denial of leave to proceed under a pseudonym—is not a judgment "on the merits" of the claims or causes of action. The district court did not meaningfully address the substance of Appellant's allegations. Instead, it summarily dismissed the case at the screening stage based on its denial of pseudonym relief. There was no responsive pleading, no notice, and no opportunity to amend. Nor was there any evaluation of the legal or factual sufficiency of any claim under Rule 12(b)(6), Rule 12(c), or Rule 56. Moreover, Appellant was never afforded a full and fair opportunity to litigate his claims. See *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–81 & n.22 (1982); *Montana v. United States*, 440 U.S. 147, 153–54 (1979); 18 *Moore's Federal Practice* § 131.41[1] (2025).

The request for leave to proceed under a pseudonym was not fully litigated in the district court, nor was it litigated on appeal. The district court resolved the issue sua sponte at the outset—without notice, hearing, or adversarial briefing. The Sixth Circuit expressly affirmed only the dismissal of "Koe's complaint without prejudice." *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952 (6th Cir. Mar. 8,

2024). No claim was adjudicated. No issue was resolved to finality. Preclusion does not apply.

Issue preclusion is distinct from claim preclusion. It applies more narrowly and bars only the relitigation of a discrete legal or factual issue that was actually litigated, necessarily decided, and essential to a valid final judgment. See *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480–81 (1982); *Montana v. United States*, 440 U.S. 147, 153–54 (1979). None of those elements is satisfied here. The pseudonym issue was not litigated; it was resolved sua sponte without briefing, discovery, or factual development. In any event, even if issue preclusion applied, it would not support claim preclusion.

No court has ever adjudicated the merits of Appellant's claims. The dismissal was entered sua sponte at the screening stage, without notice, briefing, or the opportunity to amend—hallmarks of procedural unfairness. Such a ruling does not reflect any determination of liability, entitlement to relief, or the sufficiency of a cause of action. It is not a final judgment on the merits and cannot support claim or issue preclusion.

### D. The Sua Sponte Dismissal Was Procedural, Not Merits-Based

Appellees are incorrect in asserting that the district court dismissed the Second Complaint "on the merits." The dismissal order invoked *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), as the procedural basis for sua sponte dismissal and

did not cite Rule 12(b)(6), Rule 56, or conduct any evaluation of the legal or

factual sufficiency of the claims. See Dismissal Order, RE 6, PageID# 31–32.

There was no service, no briefing, and no opportunity to respond. The court did not

assess any cause of action, defense, or element. It simply concluded that the

pseudonym issue was "no longer open for discussion," cited the earlier dismissal in

*Koe I*, and closed the case. See 31–32. That is not an adjudication on the merits of

the claims.

    *Apple* cautioned that sua sponte dismissal under Rule 12(b)(1) is appropriate

only in rare cases where a complaint is wholly so implausible or unsubstantial that

it fails to invoke federal jurisdiction. See *Apple*, 183 F.3d at 479 (quoting *Hagans

v. Lavine*, 415 U.S. 528, 536–37 (1974)). It does not adjudicate the substance of

the claims and does not convert threshold screening into a final judgment on the

merits. Dismissals under *Apple* are properly grounded in Rule 12(b)(1), not in Rule

12(b)(6), Rule 56, or Rule 41(b). A sua sponte dismissal issued without notice or

adversarial testing cannot support preclusion.

    The dismissal order confirms that the court's ruling was procedural. See RE

6, PageID# 31–32. It cited res judicata in the context of the pseudonym issue—not

the claims themselves. The district court made no finding that the allegations were

implausible, frivolous, insubstantial, or failed to invoke federal-question

jurisdiction. The court stated: "The threshold issue of proceeding under a

pseudonym is no longer open for discussion … Plaintiff is barred by res judicata from filing the same case and litigating the same issue a second time." Id. That reasoning does not reflect the narrow exception recognized in *Apple* to the general rule that sua sponte screening should not preclude adjudication. Instead, it reflects a procedurally irregular dismissal based on a non-merits issue—entered without briefing, prior notice, or an opportunity to cure.

The court did not analyze the claims, apply any legal standard to the causes of action, or address whether the complaint stated a claim. It dismissed the case at the outset, sua sponte, based on unbriefed application of res judicata (issue preclusion) to a ruling in a prior action that had been dismissed without prejudice—not claims preclusion. That is not an adjudication on the merits of the claims and cannot satisfy the first element of res judicata.

## E. The Second Complaint Was Properly Commenced, and Any Caption Irregularity Was Harmless and Cured

Appellees argue in the alternative that the Second Complaint "fails" because it was filed under a pseudonym without prior approval. They assert that this prevented the action from being "properly" commenced and created an incurable jurisdictional defect. That argument misstates the law.

Federal Rule of Civil Procedure 3 provides: "A civil action is commenced by filing a complaint with the court." Nothing in the text requires advance approval

of a caption, nor does the Rule condition commencement on a party's name appearing in a particular format. The plain meaning of the Rule is conclusive, and construing it otherwise would improperly transform a curable technical irregularity into a jurisdictional bar to adjudication—contrary to the structure, spirit, and purpose of the Rules. See Fed. R. Civ. P. 1 (Rules "should be construed, administered, and employed … to secure the just, speedy, and inexpensive determination of every action"); Fed. R. Civ. P. 82 (the Rules do not expand or limit jurisdiction). See also *Foman v. Davis*, 371 U.S. 178, 181 (1962) (leave to amend should be freely granted to effectuate resolution on the merits); *Conley v. Gibson*, 355 U.S. 41, 48 (1957) (the Rules are intended to promote decisions on the merits, not procedural traps).

Even if the use of a pseudonym were irregular, it was at most a harmless and readily curable defect. See Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Appellees do not identify or argue any prejudice flowing from the caption used at filing. They knew the identity and legal name of the former employee bringing this action and were not disadvantaged in any way. The appropriate course was to permit amendment—not to dismiss the action sua sponte without notice, briefing, or opportunity to cure. Cf. RE 6, PageID# 31–32.

Appellees' theory—that the use of a pseudonym creates a jurisdictional defect that is incurable—lacks support in modern case law. Their reliance on *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005), and *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989), is misplaced. *Marsh* is unpublished, non-precedential, and not binding on this Court. In *B.R. v. F.C.S.B.*, 17 F.4th 485 (4th Cir. 2021), the Fourth Circuit expressly declined to follow *Marsh* and rejected *Gibbs*, calling their reasoning a "drive-by jurisdictional ruling." *Id.* at 496. The court explained that "when considering the components of what constitutes an Article III case or controversy, it is evident that a plaintiff's initial failure to tell the court her name in no way detracts from them." *Id.* at 494. While pseudonym use implicates the presumption of openness in judicial proceedings, it does not undermine a court's power to adjudicate: "we reject the suggestion that a plaintiff's failure to disclose her name to the court at the outset of the litigation denies the court the power to resolve the dispute." *Id.* at 496 (emphasis in original). The Ohio Court of Appeals recently adopted this view, holding that "pseudonymous litigation does not impact the court's subject-matter jurisdiction." *Doe v. Cedarville Univ.*, 2024-Ohio-100, ¶ 10 (2d Dist.). No rule or precedent supports the extraordinary remedy of dismissal for a harmless irregularity that caused no confusion, no prejudice, and no actual jurisdictional defect.

Finally, the pseudonym issue is moot. While this Court held the appeal in abeyance to allow for clarification, Appellant promptly moved to amend the caption to reflect his legal name. See RE 13. That filing made clear he no longer sought to proceed pseudonymously. The record shows no contumacious conduct, undue delay, or bad faith—only a good-faith procedural request that was never fully considered. Appellees' fallback argument is unsupported by the record, contrary to the plain text of Rule 3, and inconsistent with the Rules' command to resolve disputes on the merits.

## F. The District Court Misapplied the Governing Standards in Denying Reconsideration

Appellees' final argument is that the district court did not abuse its discretion in refusing to vacate the sua sponte dismissal and reinstate the action. But their defense of that ruling mischaracterizes both the nature of the motion and the applicable legal standard.

Appellees treat the motion solely as one for Rule 60(b) relief, ignoring that it was timely filed under Rule 59(e), which preserves appellate jurisdiction and is governed by a more liberal standard. (RE 8, PageID# 31; see also Fed. R. App. P. 4(a)(4)). They do not acknowledge that the appeal was held in abeyance under that rule (RE 10, PageID# 41), nor do they address the legal errors or procedural irregularities raised by the motion including lack of prior notice and opportunity to

respond. Instead, they accuse Appellant of seeking to "relitigate" res judicata, a mischaracterization that evades the narrow focus and procedural posture.

The district court's order (RE 15, PageID# 71–74) confirms that it evaluated the motion exclusively under Rule 60(b), stating it lacked jurisdiction and finding "no basis for relief," despite having full authority to act on a Rule 59(e) motion while the appeal was held in abeyance. The court's contrary conclusion was legal error. Although the court nominally reviewed the motion "in the alternative," it engaged in no meaningful analysis of the specific defects raised. Rather than address the motion on its terms, the district court summarily denied the motion ignoring the relevant procedural context and the post-judgment developments. (RE 15, PageID# 71–74).

Appellant did not seek to relitigate his claims. He challenged the procedural irregularity of the dismissal itself—not any underlying cause of action. His motion identified specific irregularities: (1) the sua sponte dismissal of a paid complaint without notice or an opportunity to amend; (2) the legal error of applying *Apple v. Glenn* outside its narrow jurisdictional scope; and (3) the court's sua sponte reliance on an unbriefed and misapplied res judicata theory. (RE 8, PageID# 31–38). These are precisely the types of defects that Rule 59(e) was designed to remedy.

Krudy had moved post-judgment to amend the caption and proceed under his legal name. (RE 13, PageID# 59). That motion was pending at the time the court denied reconsideration, yet it went unmentioned in the order. The caption amendment sought to resolve any concern about proceeding under a pseudonym. The district court's disregard of that effort preserved a dismissal grounded in a procedural formality that Krudy had offered to cure. The district court's order further confirms that it did not fairly consider whether the dismissal of the action should stand. (RE 15, PageID# 71–74)

Contrary to Appellees' framing, the motion did not invoke new claims, theories, or explanations. It sought correction of clear legal and procedural errors, including those discussed in this appeal—errors that the district court never substantively addressed. The district court's citation to general policy concerns about finality does not excuse its failure to grapple with the procedural irregularities and legal error attached to the dismissal of the action.

The refusal to reconsider was not an exercise of discretion. It was a refusal to exercise discretion. The court had the authority and obligation to correct its own legal error, particularly where the judgment rested on a sua sponte dismissal without notice or opportunity to cure. Its failure to do so compounded the original error and should not be upheld.

**CONCLUSION**

The district court sua sponte screened and dismissed this paid federal civil rights action without prior notice or an opportunity to respond, and without leave to amend. Krudy promptly moved for post-judgment relief, arguing that the dismissal was procedurally unfair and misapplied *Apple v. Glenn*, despite the complaint's clear invocation of federal-question jurisdiction. Krudy also moved to amend the caption to reflect his legal name, addressing the only procedural concern identified by the court. The district court refused to vacate the dismissal or reinstate the action. This appeal followed. On appeal, Appellees seek to transform that threshold screening dismissal into a valid, final judgment on the merits. That improper attempt should be rejected.

This Court should vacate the sua sponte dismissal of the action, remand for further proceedings, and grant any other relief warranted by law or this Court deems just.

Respectfully submitted,

Plaintiff–Appellant, pro se

John Koe, a pseudonym
aka Nicholas Krudy

PO Box 527
Novelty, OH 44072-0527

Tel: (330) 732-5001
Email: john@johnkoe.org

## ADDENDUM: DESIGNATION OF DOCUMENTS

Complaint, RE 1, PageID# 1–12

Civil Filing Sheet, RE 1-1, PageID# 13

Motion for Temporary Pseudonym Order, RE 2, PageID# 16–17

Motion for Reassignment, RE 4, PageID# 20–25

Response in Opposition to Motion for Reassignment, RE 5, PageID# 27–28

Order of Dismissal, RE 6, PageID# 31–32

Judgment Entry, RE 7, PageID# 33

Motion for Relief from Judgment, RE 8, PageID# 31–38

Notice of Appeal, RE 9, PageID# 40

Appeal Remark (Abeyance Notice), RE 10, PageID# 41

Motion to Enlarge Time for Service, RE 11, PageID# 42–46

Motion to Amend Caption, RE 13, PageID# 59

Order Denying  Motion for Relief from Judgment, RE 15, PageID# 71–74

Amended Notice of Appeal RE 16, PageID# 75

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains no more than 4,990 words, excluding the parts of the brief exempted by Rule 32(f).

This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: July 2, 2025                     Respectfully submitted,

_____

Nicholas Krudy

John Koe, a pseudonym

Plaintiff–Appellant, pro se

## CERTIFICATE OF SERVICE

I certify that on July 2, 2025, I submitted the foregoing Reply Brief for filing via the Sixth Circuit's Pro Se E-Filing system (CA06_Pro_Se_Efiling@ca6.uscourts.gov), and that I further caused a copy to be placed in the U.S. Mail, first-class postage prepaid, addressed to the following counsel of record:

David A. Campbell | dcampbell@grsm.com

Donald G. Slezak | dslezak@grsm.com

Gordon Rees Scully Mansukhani, LLP

600 Superior Avenue East, Suite 1300

Cleveland, OH 44114

John Koe, a pseudonym

Plaintiff–Appellant, pro se