<u>NOT RECOMMENDED FOR PUBLICATION</u>

No. 24-3263

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 1, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| JOHN KOE, a pseudonym, | ) |
| | ) |
|    Plaintiff-Appellant, | ) |
| | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, | ) OHIO |
| INC., et al., | ) |
| | ) |
|    Defendants-Appellees. | ) |

<u>O R D E R</u>

Before: STRANCH, READLER, and MATHIS, Circuit Judges.

John Koe, an anonymous pro se Ohio plaintiff, appeals the district court's sua sponte dismissal of his federal employment-discrimination and retaliation action for lack of jurisdiction under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999) (per curiam). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). We affirm for the reasons below.

In 2021, defendant University Hospitals Cleveland Medical Center terminated Koe from its medical residency program. In August 2022, Koe filed a federal employment-discrimination and retaliation action against University Hospitals Health System, Inc. and University Hospitals Cleveland Medical Center (collectively "University Hospital") in the district court and moved to proceed under a pseudonym. The court denied Koe permission to proceed anonymously and dismissed his case without prejudice. But it allowed him to reopen the case by filing a complaint under his real name within 14 days. Instead of doing so, Koe moved to alter or amend the judgment, which the district court denied. Koe then appealed. We affirmed, finding that Koe had

not overcome the presumption in favor of open judicial proceedings. *See Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024) (order), *reh'g en banc denied*, (6th Cir. May 3, 2024).

In January 2024, Koe paid the district court filing fee and filed a substantially similar employment-discrimination complaint against University Hospital and various individual defendants. Once again, he moved to proceed anonymously. The district court concluded that its prior order as to whether Koe could litigate his claims under a pseudonym barred the complaint under the doctrine of res judicata. Because that issue was "no longer open to discussion," *Apple*, 183 F.3d at 479, the court dismissed Koe's action for lack of subject-matter jurisdiction.

Koe filed both a notice of appeal and a motion for relief from judgment. Koe did not indicate whether he was bringing the motion under Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). The district court construed the motion as arising under Rule 60(b) and concluded that it lacked jurisdiction to consider it because Koe had appealed. That said, the court reviewed the motion for the limited purpose of indicating whether it was inclined to grant Koe relief and concluded that the motion was meritless. *See Post v. Bradshaw*, 422 F.3d 419, 422 (6th Cir. 2005) (order).

Koe also moved post-judgment to amend the complaint's caption to reflect his real name. The district court denied the motion as moot, and Koe did not file a separate notice of appeal.

On appeal, Koe argues that the district court erred by invoking res judicata to sua sponte dismiss his case under *Apple* and in denying his motions for relief from judgment and to amend the caption. "We review *de novo* a district court's decision with regard to issue preclusion or claim preclusion." *Stemler v. Florence*, 350 F.3d 578, 585 (6th Cir. 2003). And we review the decision to deny a motion for relief from judgment for abuse of discretion. *See Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017).

First, even if, as Koe contends, the district court erred in concluding that res judicata barred Koe's assertion that he could proceed anonymously, we have already explained that he failed to

demonstrate sufficient reasons to use a pseudonym.[1]  *See Koe*, 2024 WL 1048184, at *2-3.  We again reject Koe's contention that the district court failed to give him a full and fair opportunity to litigate this issue.  *See id.*  Accordingly, the court did not err by sua sponte dismissing Koe's complaint without prejudice.  *See id.* (ruling that dismissing Koe's complaint for failure to comply with Federal Rule of Civil Procedure 10(a), which requires the complaint to "name[]" all the "parties," would have been appropriate).

Second, Koe filed his motion for relief from judgment exactly 28 days after the district court entered its judgment dismissing his complaint.  *See* Fed. R. Civ. P 59(e).  So he could be correct that the district court should have construed the motion as arising under Rule 59(e) and not Rule 60(b).  *See McDonald v. Lasslett*, No. 18-2435, 2019 WL 2592572, at *1 (6th Cir. May 28, 2019) (order) ("The Federal Rules of Civil Procedure do not provide for a 'motion for reconsideration' so courts often construe those filings as Rule 59(e) motions when they are filed within twenty-eight days of judgment, or, if filed later, Rule 60(b) motions.").  But Koe's motion failed to demonstrate that the district court made a clear error of law in dismissing his complaint for improperly attempting to proceed under a pseudonym.  *See Mich. Flyer*, 860 F.3d at 431.

We are also hard-pressed to conclude that the district court's dismissal of Koe's case resulted in manifest injustice.  *See id.*  We issued our decision affirming the district court's dismissal of Koe's first action two weeks before he moved for relief from the judgment.  So Koe knew that he had not established grounds to proceed under a pseudonym, that he had had a full and fair opportunity to litigate this issue, and that the district court's dismissal of his complaint under *Apple*, while perhaps erroneous, was a harmless error.  *See Koe*, 2024 WL 1048184, at *2-3.  Koe's motion for relief from the judgment ignored all of those findings and was therefore frivolous.

---

[1] We note that even if the district court erred by invoking "res judicata," i.e., claim preclusion, to dismiss Koe's complaint, issue preclusion plainly barred his motion to proceed under a pseudonym because the court decided that question against him in the first case.  *See In re Piercy*, 21 F.4th 909, 918 (6th Cir. 2021).  Nor did the court err in sua sponte considering whether issue preclusion barred the motion.  *See Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense has not been raised." (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting))).

Accordingly, the district court did not abuse its direction in denying Koe relief from the judgment. *See Mich. Flyer*, 860 F.3d at 431.

Third and finally, Koe did not move to amend the case caption until well after the district court entered judgment against him, and he did not file another notice of appeal from the court's denial of the motion. Consequently, we lack appellate jurisdiction to consider Koe's argument that the district court erred in denying his motion to amend. *See Ostergren v. Frick*, 856 F. App'x 562, 572-74 (6th Cir. 2021).

For these reasons, we **AFFIRM** the district court's judgment. We caution Koe that further efforts to relitigate the pseudonym issue may result in the imposition of filing restrictions and monetary sanctions

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk